PER CURIAM.
The Housing Authority of New Orleans [HANO] appeals a preliminary injunction from eviction granted to Arthur Gibson, Glenda Jackson and Glenn Jackson, but denied to Dolores Gibson.
On April 30, 1989 Dolores Gibson signed a lease with HANO for a term beginning May 1,1989 and terminating April 30,1990. She listed as members of her household Arthur Gibson, Glenda Jackson and Glenn Jackson. On November 15, 1989 Ms. Gibson received a notice to vacate the premises citing the following reasons:
You and your son, Arthur Gibson were arrested and booked with possession of cocaine with intent to distribute. Pursuant to a search warrant, the New Orleans Police Department seized from your apartment ounce [sic] of cocaine, cash in the amount of $2,600 and a loaded 9mm semi-automatic gun.
The notice went on to state that Ms. Gibson had violated the Anti-Drug Abuse Act of 1988 which prohibits the illegal manufacture, sale, distribution, use or possession with intent to manufacture, sell, distribute or use a controlled substance and Sections 6B, 6C and 6D of the HANO lease. HANO advised Ms. Gibson that she had a right to a hearing before a grievance panel.
According to the grievance panel determination the grievance panel convened at 10:00 a.m. on December 13, 1989 to hear the appeal filed by Ms. Gibson. When Ms. Gibson did not appear by 10:30 a.m., the panel pursuant to 24 CFR 966.56(d) unanimously agreed that Ms. Gibson had waived her right to a hearing by her failure to appear or to contact the panel. Subsequently Ms. Gibson arrived and explained that she thought the hearing was scheduled for 10:30 a.m. and her counsel was still enroute. The panel provided Ms. Gibson with a copy of the notice of hearing which clearly stated the time to be 10:00 a.m. and Ms. Gibson acknowledged she had received the original of the notice. The panel members decided there was no basis for reconsideration and that their judgment would stand. The panel members therefore stated in their conclusion that by the failure of Ms. Gibson and her counsel to appear she had waived her right to a PHA grievance hearing and relinquished her entitlement to contest HANO’s right to proceed to a judicial forum for the termination of her tenancy.
That same day Ms. Gibson and her son Arthur filed in Civil District Court a petition for a temporary restraining order (denied December 13, 1989) and a petition praying for damages, a declaratory judgment, a mandatory preliminary and permanent injunction requiring HANO to refrain from any future violation of their civil rights, and costs and attorney’s fees. On December 15, 1989 HANO filed for a rule for possession of premises in First City Court. On February 12, 1990 First City Court issued an order of eviction.[1]
On February 12, 1990 pursuant to the petition of Ms. Gibson and Arthur Gibson, the District Court granted a temporary restraining order. After a subsequent full-blown hearing, the trial court dissolved the TRO as to Ms. Gibson, ordered Ms. Gibson to vacate her apartment, and granted a preliminary injunction as to the remaining tenants, Arthur Gibson, Glenda Jackson and Glenn Jackson. HANO appeals[2] specifying three trial court errors:
*530 1. Granting a preliminary injunction to Glenda Jackson and Glenn Jackson because they were not properly joined as plaintiffs in the suits;
2. Granting a preliminary injunction to Arthur Gibson, Glenda Jackson and Glenn Jackson because their rights of occupancy terminated with those of their mother;
3. Holding that Public Law 101-45, Section 404b prohibited the eviction of Arthur Gibson, Glenda Jackson and Glenn Jackson.
An injunction shall issue in cases where irreparable injury, loss or damage may otherwise result to the petitioner or in other cases specifically provided by law. La.C.C. P.Art. 3601. At the hearing the trial court determined whether irreparable injury would result. Counsel for Ms. Gibson stated that she mistakenly thought the grievance panel hearing was scheduled an hour later and by the time she appeared, the panel had already determined that Ms. Gibson had waived her right to a hearing. Ms. Gibson thereafter filed petitions in Civil District Court.
HANO’s counsel stated the case involved only a contract matter. The trial court perceived the matter to be one involving the Anti-Drug Abuse Act of 1988 and subsequent federal statutes. Counsel for Ms. Gibson conceded her client was being prosecuted but stated Arthur Gibson was not. Counsel argued that First City Court had no jurisdiction to evict, that the Anti-Drug Abuse Act of 1988 was vague and over-broad and that Ms. Gibson had not waived her right to contest the matter in court by her non-appearance at the grievance panel hearing. The court stated it found no problem with the First City Court judgment supported by reasons focusing on the lease contract violations. The court discounted the last two arguments because Ms. Gibson had been afforded her day in court and her eviction had been ordered by a court judgment.
However, the trial court felt compelled to grant an injunction as to Ms. Gibson’s household members because of its reliance on the Dire Emergency Supplemental Appropriations and Transfers, Urgent Supplemental, and Correcting Enrollment Errors Act of 1989, Pub.L. No. 101-45, § 404, 103 Stat. 97,128 (June 30, 1989), which provided:
(a) Within 6 months of the enactment of this Act and after granting notice and opportunity to comment to affected tenants, the Secretary shall review the drug-related eviction procedures of all jurisdictions having a Public Housing Authority for the purpose of determining whether such procedures meet Federal due process standards.
(b) Upon conclusion of the review mandated by subsection (a), if the Secretary determines that due process standards are met for a jurisdiction, the Secretary shall issue that jurisdiction a waiver of the procedures required in Section 6(k) of the United States Housing Act of 1937, 42 U.S.C. 1437d(k), for evictions involving drug-related criminal activity which threatens the health and safety of other tenants of public housing authority employees as long as evictions of a household member involved in drug-related criminal activity shall not affect the right of any other household member who is not involved in such activity to continue tenancy.
(c) Within 60 days of completion of the review mandated by subsection (a), the Secretary shall report to Congress the findings of the review including all waivers granted in accordance with subsection (b).
After reviewing the certificate by Secretary Jack Kemp of HUD, the trial court concluded that only the person who was engaged in illegal drug activity could be evicted and not the other members of Ms. Gibson’s household on the lease. The court felt compelled to grant the injunction as to those individuals who were not engaged in criminal activity and only Ms. Gibson could be legally evicted.
Although Ms. Gibson’s counsel cited the federal statute, counsel did not inform the trial court that Pub.L. 101-45, § 404 had been repealed by Departments of Veterans Affairs and Housing and Urban Develop *531 ment, and Independent Agencies Appropriations Act, 1990, Pub.L. No. 101-144, 103 Stat. 839, 853 (November 9, 1989). The trial court’s attempt to comply with the intent of that repealed statute was error.
The judgment is reversed insofar as it grants a preliminary injunction to Arthur Gibson, Glenda Jackson and Glenn Jackson. Otherwise it is affirmed.
AFFIRMED IN PART; REVERSED IN PART.

. The First City Court record including the judgment was not admitted and is not part of this record.

. Dolores Gibson filed a motion and order for appeal, but upon HANO’s motion her appeal was dismissed for failing to pay appeal costs. She filed no appellee brief.